IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:09-cr-388** |
| **v.** | : | |
| **STEVEN C. BROWN** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a petition to vacate, set aside or correct a sentence filed pursuant to 28 U.S.C. § 2255(f)(3) by Steven C. Brown ("Brown"). (Doc. 436.) The basis for the petition is the Fair Sentencing Act ("FSA") of 2010 and the Supreme Court's decision in *Hicks v. United States*, 137 S. Ct. 2000 (2017). The government has filed a response. (Doc. 441.)

## I. Background

On March 30, 2010, Brown pleaded guilty to conspiracy to distribute and possession with the intent to distribute cocaine and fifty grams or more of crack cocaine pursuant to a written plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C). Under that plea agreement, it was agreed that Brown's sentence would be 180 months of imprisonment and he waived all appellate rights. His guideline sentence would have been 210 months to 262 months. He was sentenced to the agreed upon 180 months.

On December 5, 2012, Brown filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. (Doc. 405.) Since this court determined that the sentence agreed upon in the plea agreement was not based upon a sentencing guideline calculation, it found that Brown was not entitled to relief under 18 U.S.C. § 3582(c)(2). On June 11, 2013, appointed counsel filed a motion to withdraw as counsel alleging that 18 U.S.C. § 3582(c)(2) did not apply to Brown since his guilty plea agreement was not expressly based on the sentencing guideline calculation. (Doc. 413 (citing *Freeman v. United States*, 131 S. Ct. 2685, 268-69 (2011).) The court granted the motion to withdraw as counsel and dismissed Brown's petition. (Doc. 415.)

In the present motion for relief, Brown argues that *Hicks* provides him relief from an otherwise untimely claim. The government, however, argues that *Hicks* is irrelevant to this case and further than Brown is prohibited from filing a § 2255 petition because he waived his appellate rights in the plea agreement.

**II.     Discussion**

Brown's judgment of conviction became final in July 2010. His petition for relief pursuant to 28 U.S.C. § 2255 should have been filed by July 2011, and therefore, his petition is more than six years late. He claims, however, that his petition is timely because of a newly created rule arising under *Hicks*.

*Hicks* involved a drug case in which the defendant was charged months before the FSA was in effect but was sentenced while the FSA was in effect. The court sentenced the defendant using the mandatory sentencing regime that applied pre-FSA. While *Hicks* was on appeal, the Supreme Court decided *Dorsey v. United States*, 567 U.S. 260, 273 (2012), which held that where an offense was committed pre-FSA but the defendant was sentenced while the FSA sentencing regime was in effect, the defendant was entitled to be sentenced under the FSA's sentencing regime.

The issues in *Hicks* and *Dorsey* differ from instant case. Here, Brown's commission of the offenses and his sentencing both occurred pre-FSA.[1] As the Government explains in its brief in opposition, *Hicks* is a summary remand dictated by existing precedent and does not create a "new rule" in any area of law. It is not a substantive new rule for it does not narrow the scope of any criminal statute, nor is it a new procedural rule for it does not newly interpret the regulatory procedure a court must follow to determine culpability. Brown has failed to meet the limitations of 28 U.S.C. § 2255(f) and thus his petition is untimely.

Furthermore, in entering into the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Brown waived all of his appellate rights. (Doc. 119, ¶ 23.) The waiver was knowingly and voluntarily made, and did not result in a

---

[1] The court notes that this issue was previously addressed in disposing of Brown's request filed pursuant to 18 U.S.C. § 3582.

miscarriage of justice. *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014). As to the factors to be considered when deciding to enforce such a waiver, *see United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015), Brown received a substantial benefit by the government foregoing pursuing a § 924(c) charge which would have increased his guideline range, and he received a sentence that was 30 months less than the bottom of the applicable guideline range. By negotiating with the Government, Brown received a substantial benefit and the Government reached a resolution that finalized the case.

### III. Conclusion

For the foregoing reasons, the motion will be denied.

                                                                          s/Sylvia H. Rambo
                                                                         SYLVIA H. RAMBO
                                                                         United States District Judge

Dated: March 14, 2018